EL PUEBLO DE PUERTO RICO, demandante y apelante, *v.* FACTORÍA CENTRAL LOS CAÑOS, INC., acusada y apelada.

No. 4044.—*Sometido:* Marzo 7, 1930. *Resuelto:* Abril 10, 1930.

*R. A. Gómez,* abogado de *El Pueblo,* apelante; *Gustavo Zeno Sama,* abogado de la apelada.

El Juez Asociado Señor Hutchison, emitió la opinión del tribunal.

Se imputó a la Central Los Caños una infracción de la sección 14 de la Ley de Pesas y Medidas tal como fué enmendada en 1921, Leyes de ese año, página 179, que lee como sigue:

"Ninguna persona usará, ordenará ni permitirá que se use, ninguna pesa o medida, báscula, balanza, romana u otro instrumento, aparato o utensilio, en la computación de peso o medida en cualquiera transacción industrial o comercial, que no se ajuste a las pesas y medidas modelos que en esta Ley se prescriben, ni tendrá ni permitirá que se tenga en su establecimiento comercial o industrial tal pesa o medida, báscula, balanza, romana, instrumento, aparato o utensilio; y ninguna persona usará, ordenará ni permitirá que se use en cualquiera transacción industrial o comercial ninguna báscula, balanza, romana u otro instrumento, aparato o utensilio para la computación de peso o medida que registre, demuestre o indique un peso o medida falso, ni tendrá ni permitirá que se tenga en su establecimiento comercial o industrial tal báscula, balanza, romana, instrumento, aparato o utensilio."

En la acusación se especificaba el uso de una báscula de plataforma que registraba peso falso.

Al terminarse la presentación de la prueba del fiscal, el acusado presentó una moción de *nonsuit* fundándose en que la prueba no demostraba que se hubiese hecho una contrastación legal.

Un inspector del gobierno declaró que al hacer la comprobación utilizó 219 pesas de 50 libras cada una en un vagón de hierro que pesaba 17,870 libras. Al declarar con lugar la moción de *nonsuit* el juez de distrito dijo que nada había que demostrara que el peso del vagón hubiese sido determinado previamente mediante una contrastación en que se usaran pesas *standard*. El inspector no fué repreguntado sobre este extremo, bien por el letrado de la defensa o por la corte. Su aseveración no controvertida de que el vagón pesaba 17,870 libras era suficiente para establecer ese hecho.

Es cierto, según indicó también el juez de distrito, que la sección 9 de la ley dispone que:

"Se conservará en la oficina del Secretario de Puerto Rico un juego completo de dichas pesas y medidas como los patrones oficiales, y dicho funcionario suministrará a los alcaldes, y a cada jefe de distrito u otro oficial de policía encargado de cada distrito municipal de la Isla, para_que los conserven bajo su custodia, los juegos de dichas pesas y medidas necesarios para la comprobación y que se requieren para poner en ejecución esta Ley."

La ley no prescribe el peso, tamaño o forma de las distintas piezas de los juegos de comprobación. No dice que tales piezas serán de tamaño, peso o forma uniformes. No prohibe el uso de una vasija o de un vehículo, con o sin ruedas, como parte integrante de determinado juego de pesas.

El juez de distrito no puso en tela de juicio la declaración del inspector respecto al peso de las 219 piezas de hierro. No había razón alguna para dudar de la veracidad de esa aseveración. Tampoco había razón satisfactoria alguna para que el juez sentenciador dudara de la declaración del aludido testigo en torno al peso del vagón. Ambas aseveraciones descansan sobre la misma base. Deben subsistir o caer conjuntamente.

En el párrafo que antecede no hemos pasado por alto el hecho—dilucidado en la repregunta—de que las pesas usadas al efectuar la comprobación eran *standard*. El vagón fué una de las pesas utilizadas al hacer la contrastación. Aun de una declaración más específica al efecto de que las pesas de hierro de 50 libras eran *standard,* no se desprendería que el carro también no era de peso *standard*.

Si además el inspector hubiese sido repreguntado respecto a la naturaleza oficial del juego de contrastación usado por él, y especialmente sobre el carácter oficial del vagón de hierro utilizado como parte integrante de tal juego, o si se le hubiera requerido que expusiese la naturaleza y fuente de su conocimiento en relación con el peso de las varias unidades, incluyendo el vagón, tal vez se habría podido presentar un caso

distinto. A falta de haberse demostrado tal cosa o de una razón distinta a la indicada por el juez sentenciador para dudar de la declaración del inspector, su aseveración debió haberse aceptado como cierta. De ser creída, semejante manifestación, unida al resto de la prueba, bastaba para establecer un caso *prima facie.*

Es justo agregar que el juez sentenciador, al exponer la contención del acusado, parece haber asumido—al igual que el letrado de la defensa—que el vagón de que se trata era uno de los vagones corrientes usados por la American Railroad Co. Parte de la argumentación en el alegato procede sobre la misma hipótesis. La transcripción taquigráfica no revela base satisfactoria alguna para esta teoría. La aproximación más cercana a tal teoría puede hallarse en la siguiente pregunta y respuesta:

"P.—Qué largo tiene el vagón? R.—Corriente, de la American Railroad Co., de acero."

Interpretamos esto en el sentido de que significa que el largo del vagón de acero que nos concierne era el largo corriente de los vagones de la American Railroad Co., y no que era uno de los vagones corrientes de la compañía.

*Debe revocarse la sentencia apelada y devolverse el caso para ulteriores procedimientos no incompatibles con esta opinión.*